UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HORACE SMITH                                                    CIVIL ACTION

VERSUS                                                          NO.  09-3664

ERIC K. SHINSEKI, SECRETARY                                     SECTION "N" (5)
UNITED STATES DEPARTMENT OF
VETERAN AFFAIRS

## ORDER AND REASONS

Presently before the Court is Defendant's Motion to Dismiss (Rec. Doc. 8). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** and Plaintiff's claims are dismissed.

Plaintiff's complaint states that he is employed as a housekeep at the Veterans Affairs Medical Center of New Orleans (hereinafter "VAMC"). That employment began in 1993. Invoking the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623, *et seq.*, Plaintiff alleges that he suffered discrimination when, between June 2006 and June 2008, he worked in the VAMC carpentry shop, but was paid the lower hourly wage of a housekeeping employee, rather than the higher wage of a carpentry shop employee.  He additionally claims that he suffered age discrimination and unlawful reprisal when, shortly after requesting and being denied the higher carpentry wage, he was transferred back to the housekeeping department.

Defendant contends that Plaintiff's claims are barred because he failed to notify the Equal Employment Opportunity Commission (EEOC) of his intent to file suit within 180 days of

the occurrence of the employment actions about which he now complains, as required by 29 U.S.C. §633a(d). Plaintiff does not dispute that he did not notify the EEOC of his intent to sue until April 14, 2009, despite being transferred back to the housekeeping department in June 2008. He urges, however, that the Lily Ledbetter Fair Pay Act of 2009 ("Fair Pay Act") renders his notice to the EEOC timely. For essentially the reasons stated by Defendant in its reply memorandum, the Court disagrees.

The disparity in wages received by Plaintiff during the time that he worked in the carpentry shop ended when he returned to the housekeeping department. Stated differently, the alleged compensation discrimination suffered by Plaintiff during his tenure in the carpentry shop had no continuing effect beyond June 2008. Accordingly, the Fair Pay Act offers no relief as to Plaintiff's discriminatory pay claim.

The same is true relative to Plaintiff's complaint that he was transferred back to the housekeeping department when he preferred to remain in the carpentry shop. Whether the transfer is view as a discriminatory act or reprisal, or both, the provision of the Fair Pay Act upon which Plaintiff relies applies only to a "discriminatory compensation decision or other practice." It offers no relief with respect to identifiable, discrete employment actions, such as a failure to promote or transfer. *See, e.g., Harris v. Auxilium Pharm.,Inc*., 664 F. Supp.2d 711, 744-47 (S.D. Tex. 9/28/09)(Ellison, J.)(discussing rationale for Fair Pay Act and concluding a failure to promote claim did not challenge a "discriminatory compensation" claim as contemplated by that legislation); *see also Schuler v. PricewaterhouseCoopers, LLP.,* 595 F.3d 370, 374-75 (D.C. Cir. 2010); *Moore v. Napolitano*, 2009 WL 4723169, *10 n.6 (E.D. La. 12/3/09)(Vance, J)); *Cleveland v. La-Z-Boy, Inc.*, 2009 WL 3531688, *2 n.2 (S.D. Miss. 10/27/09)(Jordan, J.).

For the reasons stated herein, the Court finds that Plaintiff failed to provide timely notice to the EEOC of his intent to file suit. Accordingly, the Court is without jurisdiction to provide further review of Plaintiff's ADEA claims.

New Orleans, Louisiana, this 27th day of September 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**